## CONDITIONAL SALES CONTRACT.

[Cuyahoga County Court of Common Pleas.]

THE NATIONAL CASH REGISTER CO. v. GEORGE H. CAREY.

Decided; January 15, 1904.

*Conditional Sales Contract—Lien Acquired by the Vendor—Section 4155-3 Does Not Prevent Equitable Foreclosure of Lien.*

1. A vendor under a conditional sale contract entered into as a means of security for the unpaid purchase price, thereby acquires a lien upon the property or a right equivalent to a lien, so that he may foreclose such lien or right in a court of equity.
2. Section 4155-3, Revised Statutes, regulating conditional sales in Ohio, does not so limit the rights of the conditional sale vendor as to prevent equitable foreclosure of the lien acquired under the contract.

STRIMPLE, J.

The National Cash Register Co. sold a cash register to the defendant to be paid for by installments. The defendant executed his notes for the deferred payments and entered into a contract stipulating that the title to the property should remain in the Cash Register Co. until the purchase price should be paid in full. A copy of this additional sale contract, verified as provided by Section 4155-2, R. S. O., was duly filed with the Recorder of Cuyahoga County.

The plaintiff files a petition alleging the execution and filing of the contract, and that the defendant has paid sixty dollars ($60) to apply on the purchase price, and has failed and refused to pay the balance. That the defendant is insolvent and unable to respond by process of law or equity to any judgment that may be obtained against him, and that he has possession of the register and is using it. The plaintiff further alleges that the contract reserving the title in the plaintiff was executed by the defendant as a security for the payment of the purchase price, and prays that a receiver may be appointed to take charge of the register pending the final hearing of the case, and that upon the final hearing the register

may be ordered to be sold by the receiver and the proceeds applied to the payment of the plaintiff's claim for the unpaid purchase price.

A receiver was appointed who has taken possession of the register, and the defendant demurs to the petition on the ground that the petition does not state facts sufficient to entitle the plaintiff to the relief sought.

The contention involves two propositions:

First. Whether the vendor under a conditional sale contract entered into as a measure of security for the unpaid purchase price thereby acquires a lien upon the property, or a right equivalent to a lien, so that he may foreclose such lien or right in a court of equity.

Second. Whether Section 4155-3 regulating conditional sales in Ohio limits the rights of the conditional sale vendor and prevents equitable foreclosure, except upon the condition of refunding part of the payment made as provided in the statute.

1. The parties to this contract have agreed, in substance, that the property which is the subject of the sale shall be treated as a security. The only difference between the transaction and that of a chattel mortgage is that the title to the property in the one case remains in the vendor and in the other vests in the vendee. In either case if the vendee pays he gets the property free from the claims of the vendor, and if he defaults he agrees that the property shall be applied to satisfy the debt.

In dealing with security for debt the important thing is to so construe the contract as to effectually carry out the real purpose of the parties.

The sale of the property by order of the court; the payment of the debt and acounting to the vendee for the surplus, carries out the idea of security which was the primary purpose of the transaction.

Under the allegations of the petition the plaintiff must be considered an equitable lien holder and entitled to foreclose unless this right is abridged by the conditional sale contract.

2. Section 4155-3 provides that the vendor under a conditional sale shall not "take possession of said property without tendering or refunding to the purchaser, lessee, renter, or hirer thereof or any party receiving the same from the vendor the sum or sums of money so paid, having deducted therefrom a reasonable compensation for the use of such property, which shall in no case exceed fifty per cent. of the amount so paid."

This statute was enacted to meet the case of the vendor who insisted upon the full measure of his contract, and to protect the purchaser from being obliged to give up the property to extortionate vendors, even when paid for nearly in full. The statute in terms does not pretend to do more, and makes no reference directly or indirectly to the vendor's equitable rights of foreclosure.

The vendor is properly restrained by this statute from "taking possession" of the property without refunding, but the equitable right of foreclosure which existed before the statute has not been abridged and such has been the holding in this state. *National Cash Register Co.* v. *Born,* 31 W. L. B., 350`; *Tufts* v. *Haynie,* 4 C. C., 494; *Albright* v. *Meredith,* 58 O. S., 195.

For these reasons the demurrer will be overruled.

*Stearns & Chamberlain,* for plaintiff.

*James W. Bowes,* for defendant.